UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Allen Rheaume, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 1:13-cv-67-jgm |
| | : | |
| Andrew Pallito, | : | |
| | : | |
| Respondent. | : | |

ORDER
(Doc. 11)

The Magistrate Judge's Report and Recommendation ("R & R") filed September 17, 2013 (Doc. 11) recommends Respondent Andrew Pallito's Motion to Dismiss (Doc. 6) be granted and Petitioner Allen Rheaume's habeas petition filed under 28 U.S.C. § 2254 (Doc. 3) and Motion for Summary Judgment (Doc. 4) be denied.  Rheaume filed pro se Objections (Docs. 12, 13, 15), a Motion for Certificate of Appealability (Doc. 14), and Motions for an Evidentiary Hearing and to Appoint Counsel (Doc. 16).  He filed a second Motion to Appoint Counsel on December 31, 2013 (Doc. 17), and Supplemental Exhibits to his habeas petition on January 6, 2014.  (Doc. 18.)

This Court has reviewed the R & R and Objections de novo and finds the objections to be without merit.  See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b) (requiring district court to determine de novo any part of the magistrate judge's disposition for which objections have been properly made).  The R & R is AFFIRMED, APPROVED and ADOPTED.  Respondent's Motion to Dismiss (Doc. 6) is GRANTED.  Petitioner's habeas petition (Doc. 3) and Motion for Summary Judgment (Doc. 4) are DENIED.  His Motion for an Evidentiary Hearing (Doc. 16) is DENIED because even with such a hearing, Rheaume would not be able to "develop a factual record that would entitle him to habeas relief."  Schriro v. Landrigan, 550 U.S. 465, 475 (2007).  Further,

Rheaume's Motions to Appoint Counsel (Docs. 16, 17) are DENIED because, as a pro se plaintiff in a civil case, he has not "met a threshold showing of some likelihood of merit." Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010) (quotation marks omitted). In short, Rheaume has shown no reason to depart from the Magistrate Judge's R & R.

Under Fed. R. App. P. 22(b), the Court DENIES Rheaume a certificate of appealability ("COA") because he failed to make a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). In addition, because the petition has been dismissed on its merits, Rheaume cannot be issued a COA due to his failure to demonstrate reasonable jurists would find the Court's "assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 483 (2000). It is further certified that any appeal taken in forma pauperis from this Order would not be taken in good faith because such an appeal would be frivolous. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 7th day of January, 2014.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge